UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNG Y. S.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI,<br><br>　　　　Defendant. | Case No. 19-cv-03711-DMR<br><br>**ORDER TO FILE PROOFS OF SERVICE AND FOR SUPPLEMENTAL BRIEFING** |

On September 12, 2023, Plaintiff's counsel Geri N. Kahn moved for an award of attorneys' fees under 42 U.S.C. § 406(b). [Docket No. 33 ("Mot.").] Kahn represented she provided a copy of her motion and attachments to Plaintiff Moung Y. S. [Docket No. 33-1 (Geri Kahn Decl., Sept. 12, 2023) ¶ 7.] The court ordered Kahn to file a proof of service to that effect by November 15, 2023. [Docket No. 36.] By the same date, Kahn was instructed to serve Plaintiff with a copy of the court's November 1, 2023 order and file a proof of service. Nothing has been filed.

Kahn is ordered to promptly comply with the court's November 1, 2023 order as follows: **By January 12, 2024**, Kahn shall file proof of service that she served the motion for attorneys' fees and the November 1, 2023 order on Plaintiff by November 15, 2023. If it turns out that Kahn timely served these documents on Plaintiff but simply failed to file proof of service, the court will find that Plaintiff received timely notice of the motion and did not object to Kahn's fee request.

If Kahn has not yet served Plaintiff, **by January 12, 2024** she must serve Plaintiff with the fee motion, the November 1, 2023 order, and this order, then promptly file proof of service. Plaintiff would then have until **February 2, 2024** to submit any objections to Kahn's motion for attorneys' fees.

In addition, after reviewing the fee motion the court orders supplemental briefing from both parties to clear up a discrepancy.

Kahn requests an award of $14,654.25 in attorneys' fees for representing Plaintiff in district court. Under the Social Security Act, an attorney who successfully represents a claimant before a court may seek an award of attorneys' fees not to exceed 25 percent of any past-due benefits eventually awarded. 42 U.S.C. § 406(b). Here, the Social Security Administration ("SSA") awarded Plaintiff $43,962.75 in past-due benefits. Kahn Decl. ¶ 2, Ex. A ("Notice of Change in Benefits").] The Notice of Change in Benefits states that the SSA "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee" and has withheld $14,654.25 of Plaintiff's past-due benefits. Notice of Change in Benefits at 1.

The problem is that 25 percent of Plaintiff's past-due benefits is $10,990.69, not $14,654.25.

The parties shall address this discrepancy by meeting and conferring, then filing a joint letter **by January 19, 2024**. The parties must each explain what Kahn's fee award should be and how it represents no more than 25 percent of Plaintiff's past-due benefits.

**IT IS SO ORDERED.**

Dated: January 8, 2024

_____
Donna M. Ryu
Chief Magistrate Judge