UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNG Y. S.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br><br>　　　　Defendant. | Case No. 19-cv-03711-DMR<br><br>**ORDER ON MOTION FOR ATTORNEYS' FEES**<br>Re: Dkt. No. 33 |

Plaintiff Moung Y. S. filed a motion for summary judgment seeking to reverse the Commissioner of the Social Security Administration's administrative decision to deny her application for benefits under the Social Security Act, 42 U.S.C. § 401 *et seq*. On September 30, 2021, the court granted Plaintiff's motion in part and remanded the case for further proceedings. Following remand, an Administrative Law Judge ("ALJ") found that Plaintiff is disabled and entitled to past-due disability benefits. Plaintiff's counsel Geri N. Kahn now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). [Docket No. 33.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.   BACKGROUND**

Plaintiff applied for Social Security Disability Insurance ("SSDI") benefits on December 23, 2015. Following a hearing, an ALJ issued an unfavorable decision on August 22, 2018. After the Appeals Council denied Plaintiff's request for review, she appealed to this court. On September 30, 2021, the court granted Plaintiff's motion for summary judgment in part and remanded the case for further administrative proceedings. [Docket No. 29.] On remand, the ALJ issued a favorable decision and the Social Security Administration ("SSA") purportedly awarded Plaintiff $43,962.75 in past-due benefits. [Docket No. 33-1 (Geri Kahn Decl., Sept. 12, 2023) ¶ 2, Ex. A ("Notice of Change in Benefits").]

1    The retainer agreement between Plaintiff and Kahn permits counsel to request an
2 attorneys' fees award of up to 25% of any past-due benefits awarded. Kahn Decl. ¶ 3, Ex. B
3 ("Retainer Agreement"). Kahn is requesting an award of $14,654.25 in attorneys' fees for
4 representing Plaintiff in district court. Of this amount, Kahn will refund Plaintiff $6,400 for the
5 Equal Access to Justice Act ("EAJA") fees this court approved on December 23, 2021. [*See*
6 Docket No. 32.]
7    On January 8, 2024, the court issued an order noting that 25% of Plaintiff's past-due
8 benefits – $43,962.75 – is $10,990.69, not $14,654.25. [Docket No. 37.] The parties were
9 instructed to address this discrepancy by meeting and conferring, then filing a joint letter by
10 January 19, 2024. *Id.* After being prompted by the court, the parties filed a joint letter on
11 February 8, 2024.[1] [Docket No. 42 ("Joint Letter").]
12    In response to the court's order, the parties clarify that Plaintiff's past-due benefit amount
13 is $58,617.00 – not $43,962.75 – and confirm that the SSA withheld $14,654.25 in order to
14 facilitate payment of Plaintiff's counsel's attorneys' fees. Joint Letter at 3. The parties explain
15 that while the Notice of Change in Benefits states that Plaintiff will receive an initial payment of
16 $43,962.75, it does not include the total amount of past-due benefits. *Id.* However, the SSA
17 calculates the 25% withholding number – here, $14,654.25 – using the full past-due benefit
18 amount. *Id.* That number can then be used to calculate the total amount of past-due benefits. The
19 court accepts the parties' representations.
20    Kahn served a copy of the motion and supplemental briefing on Plaintiff on September 6,
21 2023. [Docket No. 38 (Proof of Service).] On November 1, 2023, the court set December 6, 2023
22 as Plaintiff's deadline to submit any objections to Kahn's motion for attorneys' fees. [Docket No.
23 36.] Although Kahn was instructed to serve Plaintiff with a copy of the court's November 1, 2023
24 order and file a proof of service by November 15, 2023, nothing was filed. [Docket No. 39.]
25 Kahn finally served Plaintiff with the court's order on January 29, 2024. [Docket No. 40.]

---

[1] Both parties were ordered to show cause why they should not be sanctioned for failure to comply with a court order. [Docket No. 39.] The parties timely filed their responses. [Docket Nos. 41, 42.] Accordingly, the order to show cause is discharged.

2

Plaintiff has now had over three weeks to object to Kahn's motion. No objections have been filed.

## II. LEGAL STANDARD

Under the Social Security Act, an attorney who successfully represents a claimant before a court may seek an award of attorneys' fees not to exceed 25% of any past-due benefits eventually awarded. 42 U.S.C. § 406(b). While contingency fee agreements are permissible in Social Security cases, section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In deciding whether a fee agreement is reasonable, courts must consider "the character of the representation and the results the representative achieved." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* While a court may consider an attorney's lodestar in deciding whether an award of fees under section 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee." *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

An award of fees under section 406(b) must be offset by any award of fees under EAJA. *Gisbrecht*, 535 U.S. at 796.

## III. DISCUSSION

In this case, Kahn reports she spent a total of 31.2 hours litigating this case in federal court. Kahn Decl. ¶ 4, Ex. C (Task List). Granting the request for $14,654.25 in attorneys' fees would result in an effective hourly rate of $469.69 for this case.[2]

---

[2] The court calculates the effective hourly rate based on the requested fee award under section 406(b) without first deducting the EAJA fee award that will be refunded to Plaintiff. This is because section 406 establishes the "exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht*, 535 U.S. at 795-96. An attorney may receive fee awards under both EAJA and section 406(b) but because section 406(b) fees are exclusive, the attorney must refund to the claimant the smaller of the fee awards. *Id.* at 796. In other words, the fee awards under those statutes are independent of each other and the court must determine whether the total section 406(b) award is itself reasonable. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) ("[A]n award under § 406(b) compensates an attorney for *all* the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." (emphasis added)); *see also Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20,

1  Upon considering the record and arguments, the court finds that the fees requested are
2  reasonable. First, the requested fee amount does not exceed the statutory maximum of 25%. The
3  hours counsel expended also appear to be reasonable. *See* Task List.

4  Second, *Gisbrecht* and *Crawford* make clear that lodestar methodology should not drive
5  fee awards under section 406(b). This is because "the lodestar method under-compensates
6  attorneys for the risk they assume in representing SSDI claimants and ordinarily produces
7  remarkably smaller fees than would be produced by starting with the contingent-fee agreement."
8  *Crawford*, 586 F.3d at 1149; *see also Gisbrecht*, 535 U.S. at 806 (emphasizing that the lodestar
9  calculation is intended to govern in fee-shifting cases, not fee awards under section 406(b)).
10 Indeed, after *Gisbrecht*, "district courts generally have been deferential to the terms of
11 contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may
12 exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033,
13 1037 (N.D. Cal. 2003) (Infante, J.).

14 Third, California district courts have awarded comparable or greater fees under section
15 406(b). *See, e.g.*, *Truett v. Berryhill*, 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017)
16 (awarding an attorney 24.9% of the past-due benefits, which resulted in an effective hourly rate of
17 $1,788.62); *Harrell v. Berryhill*, No. 16-cv-2428-TSH, 2018 WL 4616735 (N.D. Cal. Sept. 24,
18 2018) (awarding $49,584.96 in attorneys' fees, representing an effective hourly rate of $1,213.83
19 and 24.37% of the past-due benefits); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL
20 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an effective hourly rate of $1,325.34
21 reasonable); *Ciletti v. Berryhill*, No. 17-cv-05646-EMC, 2019 WL 144584, at *2 (N.D. Cal. Jan.
22 9, 2019) (granting a fee request for $35,442.00, which constituted 23.47% of the past-due benefits
23 awarded and resulted in an effective hourly rate of $420.93).

24 Finally, nothing in the record suggests that Kahn provided substandard representation.
25 Kahn achieved a substantial award of past-due benefits for her client, and as noted, Plaintiff did
26 not object to the fee request.

27 ──────────
28 2020) (calculating the effective hourly rate before deducting the EAJA award).

4

In light of the above considerations, the requested fee award is "not excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151.

## IV. CONCLUSION

For the reasons stated above, the motion for attorneys' fees is granted. The court awards fees in the amount of $14,654.25. Kahn shall refund Plaintiff the $6,400 previously awarded under the EAJA.

**IT IS SO ORDERED.**

Dated: February 22, 2024

							_____
							Donna M. Ryu
							Chief Magistrate Judge